# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | Case No. 1:11-cv-02142-DLB PC |
| Plaintiff, | **ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | ECF No. 11 |
| Defendants. | |

## I. Background

Plaintiff Johnny Lee Sloan, Jr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 28, 2011, Plaintiff filed his Complaint. ECF No. 1. On October 10, 2012, the Court screened Plaintiff's Complaint and found that it stated a cognizable claim against Defendant Lima for denial of access to the courts, but failed to state any other claim against any other Defendants. Plaintiff was provided the opportunity to file an amended complaint. On November 19, 2012, Plaintiff filed his First Amended Complaint. ECF No. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: V. Rowell, senior librarian; R. Garcia, CC II (A); K. Santon, Chief Deputy Warden (A); K. Allison, Warden; J. Reynoso, Associate Warden; D. Artis, appeals examiner; D. Foston, chief of inmate appeals at the Third Level; and Lima.

Plaintiff alleges the following. Defendant Rowell conducted an interview and claimed nearly 400 pages of bulk legal documents were received by interoffice mail on March 3, 2011. Plaintiff contends that this hindered Plaintiff's efforts of pursuing legal litigation.

Defendant Garcia denied Plaintiff's access to the courts by claiming to have investigated and interviewed Plaintiff, and failing to follow department policy of reporting acts of wrongdoing. Defendant Santon reviewed the appeal after Defendant Garcia fabricated interviewing Plaintiff. Defendants Allison and Reynoso are responsible for supervising personnel at SATF regarding enforcement of procedures of final reviewing of CDCR appeals. Defendants Artis and Foston made unethical decisions when they claimed to have conducted a thorough review of Plaintiff's appeal. Plaintiff makes no allegations against Defendant Lima.

Plaintiff requests as relief compensatory and punitive damages, costs of suit, and that he be

provided tolling for the writs that he attempted to submit.

**III.     Analysis**

Plaintiff fails to state a claim against any Defendants.  Plaintiff complains of the actions taken by Defendants Garcia, Santon, Artis, and Foston with regards to how Plaintiff's inmate appeal was processed.  Actions in ruling on Plaintiff's inmate appeals, without more, does not state a claim for due process because there is no due process right to a specific inmate procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure).  Plaintiff's dissatisfaction with how Plaintiff's inmate appeals were treated, without more, fails to state a claim.

Plaintiff also contends a denial of access to the courts.  Inmates have a fundamental right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* at 1103 (citing *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active interference by prison officials. *Id.*  For any claim, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement from standing that cannot be waived. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotation omitted).  Plaintiff fails to allege an actual injury, and thus fails to state a claim for denial of access to the courts.

To the extent that Plaintiff complains that supervisory Defendants failed to train or supervise their personnel, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

1  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts which indicate that any supervisory Defendant personally participated in a deprivation of his constitutional rights or knew of such deprivations and failed to act to prevent them.

Plaintiff also fails to state a claim against Defendant Lima, as he makes no allegations which indicate that Defendant Lima violated any of Plaintiff's constitutional or federal rights.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

**IV.   Conclusion and Order**

Plaintiff fails to state a § 1983 claim against any Defendants.  The Court does not find that further leave to amend should be granted.

Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **April 10, 2013**                            /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE

4