# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Case No. 1:11-cv-02142-DLB PC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> ECF No. 15 |

Plaintiff Johnny Lee Sloan, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 19, 2012, Plaintiff filed his First Amended Complaint. On April 10, 2013, the Court dismissed Plaintiff's action with prejudice for failure to state a claim upon which relief may be granted. ECF No. 13. Pending before the Court is Plaintiff's Motion for Reconsideration, filed May 1, 2013. ECF No. 15. Because the motion was filed within twenty-eight days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a

1

motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff contends that the Court should reconsider its ruling.  Plaintiff contends that the Court had screened Plaintiff's original Complaint and found that it stated cognizable claims against Defendant Lima.  Thus, Plaintiff should be permitted to proceed.

Plaintiff was advised that an amended complaint would be treated as complete in itself without reference to any prior pleadings, pursuant to Local Rule 220.  The Court found that Plaintiff in his First Amended Complaint failed to state a claim.  Plaintiff has also presented no argument that merits reconsideration.  Plaintiff contends that Defendants violated his access to the courts by failing to properly process his inmate appeal.  As stated previously in the Court's April 10, 2013 Order, "Actions in ruling on Plaintiff's inmate appeals, without more, does not state a claim for due process because there is no due process right to a specific inmate procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)." Order 3:5-7, ECF No. 13.  Plaintiff also failed to allege an actual injury resulting from the alleged denial of access to the courts.  Order 3:19-20.

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration, filed May 1, 2013, is denied.

IT IS SO ORDERED.

   Dated:   **May 3, 2013**               /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE